## COLE *vs.* JESSUP

The statute of limitations, (2 *R. S.* 297, § 27,) explained.

A pleading setting forth the public return of a debtor into this state, with a view of setting in motion the statute of limitations, in his favor, must aver that the creditor had notice of such return, and that the return was under such circumstances, as to enable the creditor, with ordinary diligence, to commence a suit against the debtor personally; or it will be bad on demurrer.

Under the last clause of the 27th section of the statute, successive absences cannot be accumulated, and the aggregate deducted from the time elapsed after the accruing of the action. The statute provides only for a single departure and return, after which it continues to run, notwithstanding any subsequent departure.

It *seems,* that a plea that the defendant did not undertake, &c. within six years, next *before the exhibiting of the bill,* tenders an immaterial issue, and is bad on demurrer.

Cole *v.* Jessup.

The general rule of pleading, with respect to the necessity of averring notice, is that when the matter alleged in the pleading is to be considered as lying more properly in the knowledge of the party pleading, than of the adverse party, notice thereof should be averred.

THE plaintiff's declaration in this cause was entitled of May term, 1845, and was in assumpsit on the common counts; to which was subjoined a bill of particulars stating that the action was brought to recover the amount of a promissory note of which a copy was annexed. The note was dated Brockville, 20th September, 1834, and was made by one Shriver, payable to James Jessup or order, at the Ogdensburgh Bank, six months after date, for $808,71, for value received, and endorsed James Jessup, Edwin Church. The action was by the holder against the first and second endorser of the note. Jessup alone defended the suit, and pleaded 1. The general issue; and 2. *Actio non accrevit* within six years next before *the exhibiting of the bill* of the said plaintiff, &c.; concluding with a verification.

The plaintiff replied to the second plea, that he ought not to be barred, &c. because he says that at the time when the cause of action accrued to the plaintiff, the defendant Jessup was out of the state of New-York, to wit, at Brockville in the province of Canada, to wit, on the 23d day of March, 1835, and did not return into this state for a long space of time thereafter, to wit, until the 1st day of January, 1840; and averring that the action was commenced within six years next after the return of the defendant into this state, to wit, on the first Monday of May, 1845; concluding with a verification.

The plaintiff, by leave, &c. interposed a second replication to this second plea, alleging that he ought not to be barred, &c. because he says that after the said causes of action accrued to him, the said plaintiff, to wit, on the 1st day of May, 1835, the said James Jessup departed from and resided out of this state, and continued to reside out of this state and in a foreign country, to wit, at Brockville in the province of Canada, for a long time, to wit, for the space of five years next after the last mentioned day, and that the said plaintiff commenced his suit within eleven years next after the said causes of action in said decla-

ration mentioned accrued ; concluding with a verification. There was a rejoinder taking issue on the first replication.

The rejoinder to the second replication alleged that the plaintiff ought not to have or maintain his aforesaid action by reason of any thing in that replication alleged, because the defendant says that after the departure of the said defendant in the said second replication mentioned, to wit, on the first day of May in the year of our Lord 1837, *he the said defendant returned pub licly to this state,* and that this action was not brought within six years next after his said return ; concluding with a verification.    To this rejoinder of the defendant Jessup, the plaintiff *surrejoined* that he ought not to be barred, &c. because he says that after the return of the said James Jessup in the said rejoinder mentioned, to wit, on the 1st of May, 1837, at Ogdensburgh aforesaid, the said James Jessup again departed from, and resided out of this state, to wit, at Brockville in the province of Canada, for a long time, to wit, for the space of four years ; and this suit was commenced against the said James Jessup within six years next after the said causes of action in said declaration mentioned accrued, exclusive of the time the said James Jessup was absent from and residing out or this state as aforesaid ; concluding with a verification.

To this surrejoinder of the plaintiff the defendant pleaded by way of *rebutter*, that the plaintiff ought not to maintain his action, &c. because he says that he the said defendant, at the time of the accruing of the cause of action, and at the return of the said James Jessup, resided out of this state, to wit, at Brockville in the province of Canada, and that the said James Jessup still continues to reside out of this state ; and afterwards, to wit, on the 1st of September, 1837, the said James Jessup returned publicly to this state, and that this action was not brought within six years next after the said last mentioned return ; with a verification.

To this rebutter the plaintiff demurred, for the following causes, 1. The said rebutter does not deny that the said James departed from and resided out of this state after the said causes of action in the plaintiff's declaration accrued against him ;

Cole *v.* Jessup.

nor that he continued to reside out of this state for the space of four years ; nor that this action was commenced within six years next after the said causes of action accrued, exclusive of the time of the absence of the said James out of this state ; nor doth the said rebutter aver any sufficient matter in avoidance of the facts averred in said surrejoinder. 2. Because the allegation in the said rebutter that the said James Jessup returned publicly to this state, without averring that he resided here or remained here a certain length of time, is immaterial and no sufficient answer to the said surrejoinder. 3. Because the said rebutter is in other respects uncertain, informal and insufficient.

The defendant joined in demurrer.

*A. B. James,* for the plaintiff, made the following points.

I. The time during which a debtor resides out of the state forms no part of the six years limited for the commencement of an action. (2 *R. S. 2d ed.* 255, § 27.   1 *R. L.* 186, § 5.   2 *R. S. 1st ed.* 297.) II. The defendant's pleadings are all bad in substance, for offering immaterial issues. (*Gould's Plead.* 319. *Swift* v. *Vaughn,* 6 *Hill,* 488.)

*C. G. Myers,* for the defendant, made the following points.

I. The demurrer admits that the defendant, at the time the cause of action accrued, was, and still is, a non-resident, and that the action was not brought within six years after the public return of the defendant to this state.   The action was then barred. (2 *R. S.* 297, § 27.   1 *R. L.* 186, § 5.   *Fowler* v. *Hunt,* 10 *John. Rep.* 464.)   II. The surrejoinder is a departure from the replication.   In the second replication five years' absence is alleged, after cause of action accrued, and that the suit was brought within eleven years.   In the surrejoinder, *four* years' absence is alleged, and that suit was brought within six years next after the cause of action accrued, exclusive of the time the defendant was absent.   This is an entire change of the ground of answer to the bar.

Cole v. Jessup.

*By the Court,* WILLARD, J.   By the 27th section of the ar-
ticle of the revised statutes relative to the time of commencing
actions for the recovery of any debt or demand, or for damages
only, (2 *R. S.* 297,) it is thus enacted : " If at the time when
any cause of action specified in this article, shall accrue against
any person, he shall be out of this state, such action may be
commenced within the terms herein respectively limited, after
the return of such person into this state ; and if, after such
cause of action shall have accrued, such person shall depart
from and reside out of this state, the time of his absence shall
not be deemed or taken as any part of the time limited for the
commencement of such action." The former part of this sec-
tion is copied from the 5th section of the old statute of limita-
tions, (1 *R. L.* 186,) which latter was copied from the statute
of Ann, and saves the operation of the statute, if the party shall
be out of the state, at the time the cause of action arises against
him.   Under this 27th section, the statute did not begin to run
until *after the return of the defendant into this state ;* but when
once it began to run, it was not impeded by any subsequent
disability. (*Peck* v. *Randall,* 1 *John. Rep.* 165.   13 *Id.* 513.
15 *Id.* 169.)   Under the former statute, it was held that the
word *return* applies as well to persons coming from abroad,
where they had resided, as to citizens of this state, going abroad
for a temporary purpose and then returning. (*Ruggles* v.
*Keeler,* 3 *John. Rep.* 267.   *Fowler* v. *Hunt,* 10 *Id.* 464.)   And
in *Fowler* v. *Hunt,* it was adjudged that the *return within this
state,* that would set the statute of limitations in motion against
a demand, must be a return so " public, and under such circum-
stances, as to give the creditor an opportunity, by the use of
ordinary diligence and due means, of arresting the debtor."

The latter clause of the 27th section is new, and was intend-
ed to give the creditor, in case the debtor, after the statute had
commenced running, should depart from and reside out of the
state, the same time within which to institute a suit after the
return, as remained unexpired at the time of the debtor's depar-
ture. The former rule, that when the statute commenced
running, it continued to run, was so far modified, that if, after

Cole *v.* Jessup.

the accruing of the cause of action, the debtor departs from and resides out of the state, the time of his absence shall not be taken as part of the time limited for the commencement of the suit.

If we test the rebutter by these principles, it is clearly bad. It asserts that the defendant, at the time when the cause of action accrued, resided out of this state, and still continues so to reside, to wit, at Canada; that on the 1st of September, 1837, he returned publicly to this state, and that the action was not commenced within six years from such return. The objection is that it is not averred that the return was under such circumstances as to give the creditor an opportunity, by the use of ordinary diligence and due means, of arresting the debtor or of otherwise commencing a suit against him, nor that he had notice of the return. The return may have been on Sunday, and the defendant may not have remained within the jurisdiction of the state a single hour. The general rule, with respect to the necessity of averring notice, is, that when the matter alleged in the pleading is to be considered as lying more properly in the knowledge of the party pleading it, than of the adverse party, notice thereof should be averred. (1 *Chit. Pl.* 320, *and cases cited.*) This is especially the rule where the party pleading is to gain, and his opponent to lose, by the happening of the event pleaded, if the latter neglects to move after the contingency has occurred. The *return into this state* was peculiarly within the defendant's knowledge, and it was an event which, if brought to the plaintiff's knowledge, set in motion the statute of limitations against his debt. Notice of it should have been averred. Without considering other defects in the pleading, this is fatal.

The defendant's counsel insists that the surrejoinder of the plaintiff is bad. It is conceded that substantial defects in the pleading of either party are open to animadversion on this demurrer. The main objection to the surrejoinder is, that it sets up a second departure of the defendant from this state, and residence abroad, and return into the state, and avers that the suit was brought within six years next after the cause of action

accrued, exclusive of the time the said defendant was absent. The pleading is based upon the assumption that successive absences may be accumulated together and deducted from the period that has elapsed since the cause of action accrued. This I apprehend cannot be done. The statute is satisfied by deducting the first absence after the cause of action has accrued. If the defendant returns under such circumstances as to set the statute in operation, it continues to run, notwithstanding any subsequent departure of the debtor. With respect to every departure and return, after the first, the case rests on the same footing with analogous cases prior to the revised statutes. This view of the statute was taken by Mr. Justice Nelson in the circuit court of the United States, in *Dorr* v. *Swartwout*, (5 *Legal Observer*, 172.) The only difference between that case and the present is, that the question in the former arose upon the evidence, and in this upon the pleadings. But the principle is the same in both. For this reason, therefore, the surrejoinder is bad in substance.

The rejoinder to the second replication is obnoxious to the same objection which is fatal to the rebutter. It does not aver that the defendant returned into this state under such circumstances as to enable the creditor to institute proceedings against him as required in *Fowler* v. *Hunt*, (*supra ;*) or that the plaintiff had any notice of such return. The defendant may merely have crossed the centre of the St. Lawrence river, at Brockville, on Sunday, and returned the same day.

The second replication is good in substance, and as all the defendant's subsequent pleadings are bad, the plaintiff is entitled to judgment, without considering the objection to the second plea. The second plea, however, is bad in substance, for tendering, as it does, an immaterial issue. (*Swift* v. *Vaughn*, 6 *Hill*, 488. *Gould's Pl.* 319.)

The plaintiff is entitled to judgment on the demurrer—with leave for the defendant to amend his rejoinder on payment of costs.(*a*)

(*a*) See *Didier* v. *Davison*, (2 *Barb. Ch. Rep.* 477.)