## COLE *against* JESSUP, impleaded, &c.

*Statute of limitations; pleading; successive absences from state.*

ACTION upon a promissory note. Pleas: 1. The general issue. 2. The statute of limitations. Replication to the latter plea, that after the cause of action accrued, the defendant departed from and resided out of the state for the space of five years, and that the suit was commenced within eleven years after the cause of action accrued:

Rejoinder: That after such departure, to wit, on a certain day, the defendant "*returned publicly* to this state," and that the action was not commenced within six years next after such return.

Surrejoinder: That after such return, the defendant again departed, and continued absent from the state four years, and that the action was commenced within six years after the cause of action accrued, exclusive of the time of the defendant's absence from the state.

Rebutter: That at the time when the cause of action accrued, and at the time of the defendant's first return,

&c., he resided out of the state, and continued so to reside until a certain day, when he "*returned publicly to this state;*" and that the action was not commenced within six years after the last mentioned return.

Demurrer to the rebutter.

The statute in reference to which these pleadings were framed is as follows:

"If at the time when any cause of action specified in this article shall accrue against any person he shall be out of this state, such action may be commenced within the times herein respectively limited, after the return of such person into the state; and if, after such cause of action shall have accrued, such person shall depart from or reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." (2 R. S. 297, sec. 27.)

*Held, first.* That the words in the rejoinder and in the rebutter, "returned publicly to this state," constituted a sufficient averment of return under the statute, without showing the circumstances attending such return, or that the plaintiffs had any notice of it.

*Second.* That the latter branch of the statute above quoted applies no less to cases where the debtor resides out of the state when the cause of action accrues, and subsequently comes into the state, than to those where he is a resident of the state at such time.

*Third.* That when there are successive absences from the state by the debtor, the same may be accumulated, and the aggregate of the whole deducted from the period of limitation.

Upon the trial of the issue of fact it was held, that a memorandum made in the book of a notary by his clerk, to the effect that the note in suit had been presented for payment, and that notices of non-payment had been duly sent, &c., might be read to the jury, the clerk swearing

that he had no recollection of the facts aside from the entries, but that *he knew* the entries would not have been made if the acts had not been done.

(S. C., 2 Barb. 309; 10 N. Y. 96.)