Matter of the Judicial Settlement of Accounts, Estate · of ALICE V. FORD, Deceased.

(Surrogate's Court, New York County, December, 1916.)

Attorneys — authorization from client empowering attorney to appear — executors and administrators — when petition of non-resident to compel settlement of account will not be filed.

A petition of a non-resident to compel the judicial settlement of the account of an executor signed and verified by the attorney for the petitioner will not be filed until the attorney presents an authorization from his client empowering him to appear, initiate and prosecute the proceeding.

APPLICATION to compel the judicial settlement of an account.

Kelly & Blinn, for petitioner.

COHALAN, S. This is an application to compel the judicial settlement of an account.   The petitioner is a resident of the state of Maryland and the petition is signed and verified by the petitioner's attorneys.   The court is urged to accept and file the petition without any further evidence of the attorneys' authority than is contained in the verification of the petition.

It has been decided that " appearance " includes

the act of an attorney in prosecuting an action or proceeding on behalf of his client. *Davis* v. *Jones,* 8 Civ. Pro. 43. It is well settled also that by the appearance of an attorney for a non-resident the court acquires no jurisdiction if it should appear that such an appearance was unauthorized. *Nordlinger* v. *De Mier,* 54 Hun, 276; *Vilas* v. *Plattsburgh & M. R. R. Co.,* 123 N. Y. 440.

In the matter of an application to the Supreme Court for the appointment of a committee where a similar question arose the General Term said:

" Nor do we think that the court should act upon a petition of a non-resident signed only by his alleged attorney. It is true that the attorney, in the verification of the petition, states that he is authorized to sign the petition, but that is only his conclusion the same as is his allegation in the petition as to next of kin. If the court was in possession of the evidence upon which the attorney concludes that he is authorized to appear for the non-resident it might be that it would come to a different conclusion from the attorney." *Matter of Stephani,* 75 Hun, 190.

The above is directly applicable to the situation here where this court is asked to file a petition and to issue its process at the request of a non-resident over whom the court may have absolutely no jurisdiction. For if the attorneys are not in fact or in law empowered to act for the non-resident, this court has no jurisdiction of said non-resident. Cases cited *supra;* Code Civ. Pro. § 2511.

The cases cited in behalf of the application are not in point, because they do not involve the question of appearance for a non-resident, but rather the sufficiency of a verification by an attorney for a petitioning *resident.* It should be noted also that the policy of the recent amendments to chapter 18 of the Code

(Laws of 1914, chap. 443) is to impose stricter rules in the matter of appearances.   Code Civ. Pro. §§ 2511, 2533.

I believe it is the safer and the better practice to require an attorney to present sufficient evidence of his authority when he presents a petition and seeks to initiate a proceeding on behalf of a non-resident who neither signs nor verifies the petition.   The petition will not be filed therefore until the attorneys present an authorization from their client empowering them to appear, initiate and prosecute the proceeding.

Decreed accordingly.