Violet Eunice **WALSVIK**, Plaintiff and Appellant,

v.

Robert F. **BRANDEL**, Defendant and Appellee.

Civ. No. 9753.

Supreme Court of North Dakota.

Oct. 30, 1980.

William C. Worthington, Jr., and Thomas M. Disselhorst, Bismarck, for plaintiff and appellant; argued by Thomas M. Disselhorst, Bismarck.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for defendant and appellee; argued by Stephen W. Plambeck, Fargo.

PEDERSON, Justice.

This case raises for the first time in this court the question of whether or not the availability of "long–arm" service of process supersedes the tolling of statutes of limitation during a defendant's absence from the state. We conclude that it does not.

In April 1978 Walsvik sued Brandel for "malpractice," claiming, among other things, both compensatory and punitive damages arising from alleged tortious conduct that occurred in North Dakota in November 1969. Pursuant to Rule 4, NDRCivP, personal (long–arm) service was made upon Brandel in April 1978 in Minnesota, where he has resided since March 1970.

■ Brandel contends that the trial court appropriately granted summary judgment dismissing the action under Rule 56, NDRCivP, because the statute of limitation bars this action, whether the applicable period be two years under § 28–01–18, NDCC, or six years under § 28–01–16, NDCC.

Walsvik argues that § 28–01–32, NDCC, tolled the running of the statute of limitation because Brandel left this state and has remained continuously absent therefrom since March 1970. Brandel agrees that for the purpose of this appeal there are no disputed facts.

Much has been written as to whether either specific or general statutes of limitation are substantive or procedural, and whether a defendant amenable to process is "absent" from the state under those statutes. See e. g., "Developments in the Law – Statutes of Limitations," 63 Harvard L.Rev. 1177, 1224 (1950); "Tolling of Substantive Statutes of Limitation–*White v. Violent Crimes Compensation Board,*" 32 Rutgers L.Rev. 95 (1979); and Annotation "Absence

as Tolling Statute of Limitations," 55 A.L. R.3d 1158, 1209 (1974). See also, 51 Am. Jur.2d, Limitation of Actions, § 162, and 54 C.J.S. Limitations of Actions § 212c(2).

The pertinent part of § 28–01–32, NDCC, provides:

"If any person shall depart from and reside out of this state and remain continuously absent therefrom for the space of one year or more after a cause of action shall have accrued against him, the time of his absence shall not be taken as any part of the time limited for the commencement of an action on such cause of action."

In 1976 the Wyoming Supreme Court, in a well-written unanimous opinion by Justice Rose, reviewed the cases cited in 55 A.L.R.3d 1158 and concluded that where substitute service was available, the tolling statute did not apply. *Tarter v. Insco,* 550 P.2d 905 (Wyo.1976). More recently Justice Tobriner, writing for a unanimous California Supreme Court, said:

"If the Legislature intends that the tolling provision not extend the limitations period *whenever* the defendant is amenable to jurisdiction, it can easily so state. . . . 'Section 351 [the pertinent part being similar to the pertinent part of Section 28–01–32 [1]] does not make its tolling provision depend on the availability of service on a defendant, but on his physical presence in California.'" *Dew v. Appleberry,* 23 Cal.3d 630, 153 Cal.Rptr. 219, 222, 591 P.2d 509, 512 (1979).

The majority view would appear to be supported by the maxim of jurisprudence, "when the reason of a rule ceases so should the rule itself." See § 31–11–05(1), NDCC, and *State v. Blum,* 58 N.D. 549, 226 N.W. 694 (1929). That raises the question–has the reason for tolling the statute of limitation ceased?

Section 28–01–32, NDCC, cites as its earliest source § 5210, Revised Code of North Dakota, 1895. Although the long–arm service provisions applicable today under Rule

---

1. The pertinent part of § 351 states: ". . . if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action."

4, NDRCivP,[2] are a considerable expansion thereof, substitute service by publication was authorized by § 5254, Revised Code of North Dakota, 1895, when "personal service cannot be made on such defendant within this state." From this it is logical to conclude that if there is no reason for the rule today because of Rule 4, NDRCivP, there was no reason for the rule in 1895 because of § 5254, Revised Code of North Dakota, 1895.

 Although we have repeatedly said that statutes must be construed to avoid absurd results, e. g., *State v. Mees*, 272 N.W.2d 61 (N.D.1978), no absurdity has been pointed out here which would warrant our ignoring the law's clear and unambiguous language. See § 1–02–38(3), NDCC. Where the terms of a statute are positive and unambiguous, exceptions not made by the Legislative Assembly cannot be read into the law. 82 C.J.S. Statutes § 382. No extrinsic aids are required to understand the meaning of § 28–01–32, NDCC. See *Grace Lutheran Church v. N. D. Employment*, 294 N.W.2d 767 (N.D.1980), and *Hughes v. North Dakota Crime Victims Rep. Bd.*, 246 N.W.2d 774, 776 (N.D.1976).

> "It is not the duty of this court to legislate nor to search for a hidden meaning of plain and hitherto unambiguous words employed by the Legislature." *State v. Wallace*, 48 N.D. 803, 187 N.W. 728, 732 (1922).
>
> ". . . we cannot invade the province of the legislature when it has clearly spoken." *Barnes Cty. Ed. Ass'n v. Barnes Cty. Sp. Ed.*, 276 N.W.2d 247, 249 (N.D. 1979).

We agree with the California court that the Legislative Assembly may justifiably have concluded that a defendant's physical absence impeded his availability for suit and, at the same time, adopted legislation that encourages a plaintiff to use substitute service and adjudicate his claim expeditiously.

 If it is desirable that the tolling statute, § 28–01–32, NDCC, be changed because of the more modern concept of service of process, the Legislative Assembly, not this court, should do it. Repeals of statutes by implication are not favored. To overcome the presumption against an implied repeal, it must be shown that conflict between the two provisions is irreconcilable. *City of Grand Forks v. Board of Cty. Com'rs*, 284 N.W.2d 420 (N.D.1979). That showing has not been made in this case.

The summary judgment of dismissal is reversed and the case is remanded for further proceedings in the trial court.

ERICKSTAD, C. J., PAULSON and SAND, JJ., and BURDICK, Supreme Court Commissioner, concur.

BURDICK, Supreme Court Commissioner, sitting in place of VANDE WALLE, J., disqualified.

---

**2.** Rule 86(b), NDRCivP, states in part: ". . . all statutes and parts of statutes in conflict here- with . . . are superseded in respect of practice and procedure in the district courts."