Ardell LOKEN, Plaintiff and Appellant,

v.

Lloyd C. MAGRUM and A.C. Transport, Ltd., Defendants and Appellees.

Civ. No. 10781.

Supreme Court of North Dakota.

March 13, 1985.

J. Thomas Traynor, Jr., of Traynor, Rutten & Traynor, Devils Lake, for plaintiff and appellant.

Cameron W. Hayden, of O'Grady, Morley & Morley, Ltd., Grand Forks, for defendants and appellees.

VANDE WALLE, Justice.

Ardell Loken appealed from the district court's judgment dismissing his cause of action without prejudice. The district court determined that it lacked jurisdiction over the defendants and thus granted summary judgment for the defendants dismissing Ardell Loken's action. We affirm.

Ardell Loken commenced this action on January 9, 1984, alleging certain acts of negligence on the part of Lloyd C. Magrum and A.C. Transport, Ltd., that resulted in a motor vehicle accident on February 9, 1978. Magrum was driving a semitruck with trailer for its owner, A.C. Transport, when he collided with Ardell Loken's pickup. Both Magrum and A.C. Transport are Canadian and nonresidents of North Dakota.

Ardell Loken served a summons and complaint dated January 9, 1984, on the Highway Commissioner pursuant to Section 39–01–11, N.D.C.C.,[1] and the Commis-

---

1. Section 39–01–11, N.D.C.C., provides for service of process upon a nonresident motor vehicle user:

"The use and operation by a resident of this state or his agent, or by a nonresident or his agent, of a motor vehicle upon or over the highways of this state shall be deemed an appointment by such resident when he has been absent from this state continuously for six months or more following an accident or by such nonresident at any time, of the highway commissioner of this state to be his true

sioner admitted service on February 7, 1984. The Commissioner sent copies of the summons and complaint to Magrum and A.C. Transport's insurer, Royal Insurance Company of Canada (hereinafter Royal Insurance) because Magrum and A.C. Transport had filed an SR–21 proof of financial responsibility form with the Highway Commissioner after the accident.

Ardell Loken did not comply with the service-of-process provisions of Section 39–01–12, N.D.C.C.,[2] because he had failed to serve either Magrum or A.C. Transport by registered mail with copies of the service on the Commissioner along with copies of the summons and complaint.

Royal Insurance, the insurer of Magrum and A.C. Transport, sent copies of the summons and complaint received from the Commissioner to the law firm of O'Grady, Morley & Morley, Ltd. (hereinafter defense counsel). Royal Insurance informed defense counsel that it had not yet received suit papers from either its named insured, A.C. Transport, or from its insured driver, Magrum. Royal Insurance instructed defense counsel to interpose a joint answer and raise the defense of insufficiency of process, service of process, and the court's lack of jurisdiction.

Defense counsel followed Royal Insurance's request and interposed an answer raising the appropriate defenses. Defense counsel then proceeded to take Ardell Loken's deposition.[3]

Defense counsel subsequently moved for summary judgment dismissing Ardell Loken's cause of action. The court in granting summary judgment for defendants found: (1) that Ardell Loken admitted that he did not serve either Magrum or A.C. Transport by mail with the summons and complaint required by Section 39–01–12, N.D.C.C.; and (2) that Ardell Loken acknowledged that defense counsel did not have authority from either Magrum or A.C. Transport when counsel interposed answers and took Ardell Loken's deposition on their behalf.

The district court concluded that it lacked jurisdiction over Magrum and A.C. Transport for three reasons: (1) Ardell Loken failed to comply with Section 39–01–12, N.D.C.C.; (2) defense counsel lacked authority to represent Magrum and A.C. Transport; and (3) the court did not acquire jurisdiction over the parties under Rule 4(b)(4), N.D.R.Civ.P., because defense counsel did not make a voluntary general appearance on behalf of the defendants.

Loken first contends that his compliance with Section 39–01–12 is not dispositive of the personal jurisdiction issue because he fully complied with the provisions of Section 39–01–11 and the trial court thereby obtained personal jurisdiction over Magrum and A.C. Transport. Loken argues that because Section 39–01–11 makes no reference to Section 39–01–12 and states that service of process "shall have the same legal force and effect as if served upon him

and lawful attorney upon whom may be served all legal process in any action or proceeding against him growing out of the use or operation of the motor vehicle resulting in damages or loss to person or property, whether the damage or loss occurs upon a public highway or upon public or private property, and such use or operation shall constitute an agreement that any such process in any action against him which is so served shall have the same legal force and effect as if served upon him personally, or, in case of his death, that such process shall have the same legal force and effect as if served upon the administrator of his estate. Service of the summons in such case may be made by delivering a copy thereof to the commissioner together with a fee of two dollars."

**2.** Section 39–01–12, N.D.C.C., provides:

"Within ten days after service of summons as provided in section 39–01–11, notice of such service together with a copy of the summons and complaint in the action shall be sent by the plaintiff to the defendant at his last known address by registered or certified mail with return receipt requested, and proof of such mailing shall be attached to the summons."

**3.** Ardell Loken served copies of the summons and complaint and admission of service on Magrum and A.C. Transport by registered mail on May 3, 1984. The validity of this subsequent service of process was not considered by the trial court and is not before this court on appeal.

[defendant] personally, . . ." he as plaintiff was not required to comply with the notice provision of Section 39–01–12.

Sections 39–01–11 and 39–01–12, N.D. C.C., have their origin in Chapter 174, Section 1, of the 1935 North Dakota Session Laws. At the time of the original enactment, Section 1 of Chapter 174 contained the substantive provisions of the current Sections 39–01–11 and 39–01–12.[4] The Legislature provided in Section 1 of Chapter 174 the means and method of obtaining service upon a nonresident motorist using the highways of the State. Section 1 of Chapter 174, 1935 N.D.Sess.Laws, required that a plaintiff serve process upon the Commissioner of Insurance and mail within ten days notice of such service and a copy of the process to the nonresident defendant. Section 1 stated that ". . . such service [upon the Commissioner] shall be sufficient service upon the said non-resident;

**4.** N.D. Session Laws 1935, ch. 174, § 1, provided for service of process upon a nonresident motor vehicle operator:

"§ 1. SERVICE UPON NON-RESIDENT.] The use and operation by a non-resident or his agent of a motor vehicle upon and over the highways of the State of North Dakota, shall be deemed an appointment by such non-resident of the Commissioner of Insurance of the State of North Dakota, to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him growing out of such use or operation of a motor vehicle over the highways of this state, resulting in damages or loss to person or property, and said use or operation shall be a signification of his agreement that any such process in any action against him which is so served, shall be of the same legal force and validity as if served upon him personally. Service of such process shall be made by serving a copy thereof upon the Commissioner of Insurance or by filing such copy in his office, together with payment of a fee of $2.00 and such service shall be sufficient service upon the said non-resident; provided, that notice of such service and a copy of the process are within ten days thereafter sent by registered mail by the plaintiff to the defendant at his last known address and return card requested and that the plaintiff's affidavit of compliance with the provisions of this act are attached to the summons."

**5.** Sections 28–0611 and 28–0612 were substantially similar to Section 1 of Chapter 174:

provided, that . . ." the plaintiff mail within ten days notice of such service and a copy of such process to the nonresident defendant.

The 1943 Code revisers separated Section 1 of Chapter 174 into two sections, 28–0611 and 28–0612, N.D.R.C. 1943.[5] Sections 28–0611 and 28–0612 were recodified as Sections 39–01–11 and 39–01–12 as a result of the adoption of the North Dakota Century Code in 1961. See Chapter 96, 1961 N.D. Sess.Laws. Sections 39–01–11 and 39–01–12 are essentially the same, for the purposes of this case, as Sections 28–0611 and 28–0612.

The 1943 Code revisers stated in their notes to Sections 28–0611 and 28–0612:

"This section has been divided for separate statement of distinct propositions and has been revised for clarity without change in meaning.

.    .    .    .    .

"28–0611. NONRESIDENT MOTOR VEHICLE USER; SERVICE UPON. The use and operation by a nonresident, or by his agent, of a motor vehicle upon or over the highways of this state shall be deemed an appointment by such nonresident of the commissioner of insurance of this state to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him growing out of such use or operation of the motor vehicle resulting in damages or loss to person or property, and such use or operation shall constitute an agreement that any such process in any action against him which is so served shall have the same legal force and effect as if served upon him personally. Service of the summons in such case may be made by delivering a copy thereof to the commissioner of insurance together with a fee of two dollars.

"28–0612. MAILING NOTICE TO DEFENDANT UPON SERVICE OF NONRESIDENT MOTOR VEHICLE USER. Within ten days after service of summons as provided in section 28–0611, notice of such service together with a copy of the summons and complaint in the action shall be sent to the defendant at his last known address by registered mail with return receipt requested and proof of such mailing shall be attached to the summons."

In 1951 the Legislature amended Section 28–0611 to provide for service of process upon the highway commissioner instead of upon the insurance commissioner. 1951 N.D.Sess.Laws, ch. 202, § 1.

"This part of the section has been revised for clarity. Provision also is made for mailing a copy of the complaint as well as of the summons in order that the defendant may have reasonable opportunity to know the nature of the case instituted against him."

It is apparent from the statute as it was originally enacted in 1935 that service on the Commissioner was effective only if the defendant was served within ten days. From the revisers' notes it is clear that the statute has been amended without any change in meaning.

In *King v. Menz*, 75 N.W.2d 516, 520 (N.D.1956), this court construed Section 1, Chapter 174, 1935 N.D.Sess.Laws, and the revised version, Sections 28–0611 and 28–0612, and stated:

"It will be noted that the original provision provided that within ten days after the service on the commissioner a notice of such service and a copy of the 'process' were to be sent by the plaintiff to the defendant by registered mail. That is the duty of the plaintiff in accordance with the general practice. Clearly the intent of that provision was to make service upon the defendant and to keep him advised of the charges made. The provision as revised by the code commission makes that even clearer in providing that a copy of 'the summons and complaint' must be mailed which further carries out the same intention. The revisers left out the phrase 'by the plaintiff' without any indication of a change in the meaning of the law. No one else was designated to mail the process. Since having service made on the defendant has always been the duty of the plaintiff it follows that that statute as revised must be construed as a continuation of the existing statute. The duty to make the mailing as provided by the statute remained with the plaintiff."

Rule 4(d)(4), N.D.R.Civ.P., providing for service of process pursuant to a statute, states:

"Whenever a statute of this state or an order of the court made pursuant thereto provides for the service of a summons or of a notice or of an order in lieu of summons upon a party not an inhabitant of or found within the state, service must be made under the circumstances and in the manner prescribed by the statute or order or in any manner permitted by these rules and not precluded by the statute or order."

We conclude that the provisions of Section 39–01–12 are mandatory and must be complied with in order that a trial court may obtain personal jurisdiction by statute over a nonresident defendant. Because Loken failed to comply with the notice requirements of Section 39–01–12, the trial court was correct in its determination that it did not have personal jurisdiction over the nonresident defendants.

Loken's next contention is that if the trial court did not obtain personal jurisdiction over Magrum and A.C. Transport because of Loken's failure to comply with Section 39–01–12, the trial court nevertheless acquired jurisdiction by Magrum's and A.C. Transport's voluntary appearance through their attorney who submitted an answer and took Loken's deposition.

The trial court, in ruling on the motion for summary judgment, held that although a court may acquire personal jurisdiction over a defendant under Rule 4(b)(4), N.D.R. Civ.P.,[6] that same rule requires that any appearance by an attorney must be made by the authority of the party involved in the case. Defense counsel presented the court with an affidavit stating that he had no authority from either Magrum or A.C. Transport to appear in the action in any manner. The trial court in granting summary judgment dismissing Loken's action stated that defense counsel's affidavit was

---

6. Rule 4(b)(4), N.D.R.Civ.P., provides:
"A court of this state may acquire personal jurisdiction over any person through service of process as provided in this rule or by statute, or by voluntary general appearance in an action by any person either personally or *through an attorney or any other authorized person*." [Emphasis added.]

uncontroverted and therefore no genuine issue of material fact on the authority issue was presented.

 It is generally held that a court acquires jurisdiction over a defendant who has not been served with process if the record shows that he has made a voluntary appearance before such court. 6 C.J.S. *Appearances* § 17(a), p. 21; 5 Am.Jur.2d, *Appearance,* § 9, pp. 486–487. See, generally, *Tooz v. Tooz,* 78 N.D. 432, 50 N.W.2d 61 (1951); *In re McIntyre's Estate,* 78 N.D. 10, 47 N.W.2d 527 (1951). The appearance may be made by the party himself or he may authorize an attorney to appear for him. A court will not acquire jurisdiction over a defendant where an attorney without authority enters an appearance for him in court:

> "An attempted appearance by a third person without authority from the party for whom he purports to appear is ordinarily wholly ineffective for any purpose whatsoever, ..." 6 C.J.S. *Appearances* § 14, pp. 18–19.

See *King v. Menz, supra; Paradise v. Vogtlandische Maschinen-Fabrik,* 99 F.2d 53 (3d Cir.1938); *Hanzes v. Flavio,* 234 Mass. 320, 125 N.E. 612 (1920); *Wright v. Estate of Treichel,* 36 Mich.App. 33, 193 N.W.2d 394 (1972); *In re Ford's Estate,* 98 Misc. 100, 163 N.Y.S. 960 (1916).

 In this case the trial court did not acquire personal jurisdiction over the defendants under Rule 4(b)(4), N.D.R.Civ.P., because the defendants' attorney did not have authority to act for them before the trial court.

When a trial court grants summary judgment it does so under Rule 56, N.D.R. Civ.P., which requires the granting of summary judgment when "... there is no genuine issue as to any material fact and ... [a] party is entitled to a judgment as a matter of law."

After reviewing the record, we believe that the trial court was correct in its determination that there was no genuine issue of material fact raised concerning either the failure of Loken to comply with Section 39–01–12 or the lack of authority of defense counsel to represent Magrum and A.C. Transport. We conclude that the trial court was correct as a matter of law in dismissing Loken's action because it lacked personal jurisdiction over Magrum and A.C. Transport.

The summary judgment is affirmed.

ERICKSTAD, C.J., GIERKE, J., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, participated.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this court at the time this case was submitted; MESCHKE and LEVINE, JJ., not being members at that time, did not participate.