Ardell LOKEN, individually and as Trustee for the North Dakota Workmen's Compensation Bureau, Plaintiff and Appellant,

v.

Lloyd C. MAGRUM and A.C. Transport, Ltd., Defendants and Appellees.

Civ. No. 10996.

Supreme Court of North Dakota.

Jan. 7, 1986.

---

Thomas E. Rutten, of Traynor, Rutten & Traynor, Devils Lake, for plaintiff and appellant.

Cameron W. Hayden, of O'Grady, Morley & Morley, Grand Forks, for defendants and appellees.

VANDE WALLE, Justice.

Ardell Loken appealed from a summary judgment of the district court dismissing with prejudice his complaint against A.C. Transport, Ltd., and Lloyd C. Magrum because Loken's cause of action was barred by the statute of limitations. We reverse.

Loken's complaint alleged that Magrum was an agent for A.C. Transport and was driving its semi-truck and trailer when his negligence caused a collision with Loken's pickup on February 9, 1978, near Glen Ullin, North Dakota. Magrum and A.C. Transport are Canadian and nonresidents of North Dakota. Pursuant to Section 39–01–11, N.D.C.C., the North Dakota Highway Commissioner admitted service of Loken's summons and complaint on February 7, 1984. However, Loken did not comply with Section 39–01–12, N.D.C.C., and this court affirmed a district court summary judgment dismissing Loken's cause of action without prejudice because of lack of personal jurisdiction over Magrum and A.C. Transport. *Loken v. Magrum*, 364 N.W.2d 79 (N.D.1985) [*Loken I*].

While *Loken I* was pending, Loken sent copies of the summons and complaint and the Commissioner's February 7 admission of service to Magrum and A.C. Transport by registered mail on May 3, 1984. That action was taken before the district court dismissed *Loken I,* but it was not considered in that case by the district court and therefore not by this court. See *Loken v. Magrum, supra,* 364 N.W.2d at 80, fn. 3.

On June 1, 1984, the Commissioner admitted service of the summons and complaint in the instant case [*Loken II*]. On June 20, 1984, Loken sent copies of the summons and complaint and the Commissioner's June 1 admission of service by registered mail to Magrum and A.C. Transport at their last-known mailing address.[1] Magrum and A.C. Transport moved for

1. Magrum and A.C. Transport authorized their attorney to admit service on behalf of them although the time requirements of Section 39–01–12, N.D.C.C., had not been met.

summary judgment and asserted that the six-year statute of limitations of Section 28–01–16, N.D.C.C., barred Loken's cause of action. The district court concluded that the tolling provisions of Section 28–01–32, N.D.C.C., did not apply to nonresidents, and therefore the statute of limitations barred Loken's cause of action. Accordingly, the district court granted the motion for summary judgment and dismissed Loken's action with prejudice.

Loken asserts that Section 28–01–32, N.D.C.C., applies to both residents of North Dakota as well as to nonresidents. He contends that the statute does not distinguish between residents and nonresidents and that the plain and ordinarily understood language of that section tolls the statute of limitations in this case because both A.C. Transport and Magrum were nonresidents of North Dakota at the time the cause of action accrued against them.

Magrum and A.C. Transport contend that the statute of limitations was not tolled by Section 28–01–32, N.D.C.C., because the language of that section plainly indicates that the Legislature intended it to apply only to residents of North Dakota who leave the State and establish a domicile or residence elsewhere. They also assert that, if that section applies to nonresidents, the statute of limitations would be rendered meaningless to nonresident defendants who commit torts within North Dakota.

Section 28–01–32, N.D.C.C., provided: [2]

"*28–01–32.  Absence from state tolls limitations—Exception.*  If any person shall be out of this state at the time a cause of action accrues against him, an action on such cause of action may be commenced in this state at any time within the term limited in this chapter for the bringing of an action on such cause of action after the return of such person into this state. *If any person shall depart from and reside out of this state and remain continuously absent therefrom for the space of one year or more after a cause of action shall have accrued against him, the time of his absence shall not be taken as any part of the time limited for the commencement of an action on such cause of action.* The provisions of this section, however, shall not apply to the foreclosure of real estate mortgages by action or otherwise."  [Emphasis added.]

█ The source note for that section reflects a history dating back to North Dakota's territorial days,[3] and that that section was derived from codes in New York[4] and California.[5]  Since our territorial days, the language of the statute pertinent to this

**2.** The 1985 Legislature amended Section 28–01–32, N.D.C.C.  1985 N.D.Sess.Laws, Ch. 82, § 62. That amendment substituted the term "claim for relief" for "cause of action."

**3.** Revised Codes Territory of Dakota 1877, Code of Civil Procedure (2d Ed.), provided:
"*§ 63.  Exception—Absentee.*  If, when the cause of action shall accrue against any person, he shall be out of the territory, such action may be commenced within the terms herein respectively limited, after the return of such person into this territory; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this territory, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

**4.** 2 R.S. 297, § 27, of New York provided:
"*§ 27.*  If at the time when any cause of action specified in this Article, shall accrue against any person, he shall be· out of this

state, such action may be commenced within the terms herein respectively limited, after the return of such person into this state; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

**5.** Section 351 of the California Code of Civil Procedure provided:
"*351.*  If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action."

case has changed.[6] The changes in our statute are similar to corresponding changes in the New York statute,[7] and the pertinent language of our current statute is similar to New York's statute. Because our statute was derived from and is substantially identical to New York's statute, New York cases interpreting that statute are relevant to our inquiry and, although not binding on this court, those cases may be persuasive in interpreting our statute. See *Eddy v. Lee*, 312 N.W.2d 326 (N.D. 1981); *Hetleved v. Hansen*, 256 N.W.2d 360 (N.D.1977).

The New York courts consistently interpreted both clauses of 2 R.S. 297, Section 27 (see fn. 4), to apply to both residents and nonresidents. *Ruggles v. Keeler*, 3 Johns. 263 (N.Y.Sup.Ct.1808); *Ford v. G. & G.W. Babcock*, 2 Sand. Ch. 518 (N.Y.Ch.1849); *Cole v. Jessup*, 2 Barb. 309 (N.Y.App.Div. 1848); *Carpenter v. Wells*, 21 Barb. 593 (N.Y.App.Div.1855).

In *Ruggles v. Keeler, supra*, at 266–267, the court construed the first clause of 2 R.S. 297, § 27, and stated:

"But a proviso in the statute of *Anne*, and which we have adopted in our act of limitations, saves the operation of the statute, if the party shall be 'out of the state,' at the time the cause of action arises against him, and the statute does not begin to run until 'after the return' of the defendant. Whether the defendant be a resident of this state, and only absent for a time, or whether he resides altogether out of the state, is immaterial. He is equally within the proviso. If the cause of action arose out of the state, it is sufficient to save the statute from running in favor of the party to be charged, until he comes within our jurisdiction. This has been the uniform construction of the *English* statutes, which also speak of *the return* from beyond seas of the party so absent. The word *return* has never been construed to confine the proviso to *Englishmen*, who went abroad occasionally. The exception has been considered as general, and extending equally to foreigners who reside always abroad."

**6.** In 1895, the North Dakota Legislature enacted Section 5210 of the Code of Civil Procedure which provided:

"*§ 5210. Exception. Absentee.* If, when the cause of action shall accrue against any person, he shall be out of the state, such action may be commenced within the terms herein respectively limited after the return of such person into this state; and if after such cause of action shall have accrued such person shall depart from and reside out of this state *or remain continuously absent therefrom for the space of one year or more* the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

In 1905, the phrase "or remain continuously absent therefrom for the space of one year or more" was amended to read "and remain continuously absent therefrom for the space of one year or more." The language of that statute pertinent to this case has not been changed since 1905.

**7.** Section 401 New York Code of Civil Procedure in 1877 provided:

"*§ 401* [Amended, 1877]. If, when the cause of action accrues against a person, he is without the State, the action may be commenced within the time limited therefor, after his return into the State. If, after a cause of action has accrued against a person, he departs from and resides without the State, or remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time, limited for the commencement of the action. But this section does not apply, while a designation, made as prescribed in section four hundred and thirty, or in subdivision second of section four hundred and thirty-two, of this act, remains in force."

§ 401 as amended in 1888 provided:

"*§ 401.* If, when the cause of action accrues against a person he is without the State, the action may be commenced within the time limited therefor, after his return into the State. If, after a cause of action has accrued against the person, he departs from and resides without the State and remains continuously absent therefrom for the space of one year or more, or if, without the knowledge of the person entitled to maintain the action, he resides within the State under a false name the time of his absence or of such residence within the State under such false name is not a part of the time limited for the commencement of the action. But this section does not apply while a designation made as prescribed in section four hundred and thirty or in subdivision second of section four hundred and thirty-two of this act remains in force."

In *Ford v. G. and G.W. Babcock, supra,* at 526–527, the court discussed the second clause of 2 R.S. 297, § 27, and stated:

"After an attentive consideration of the clause, we have been unable to discover any valid, or even plausible, reason for confining its application to persons who were residing, or, without being residents, were within the state, when the cause of action accrued. Such assuredly is not the grammatical construction of the words, nor can we believe that the limitation of their obvious meaning, was contemplated by the legislature.... It therefore seems to us impossible to deny, that in order to justify the limited construction that would confine the application of this clause to persons against whom the statute commenced to run, at the same time that the cause of action accrued, we must suppose that the legislature has omitted words, which, as necessary to carry into effect their manifest intention, it has become the duty of courts of justice to supply. We must add to the words 'such person,' the words 'being at such time an inhabitant of the state,' or others of equivalent import....

"In our judgment, to confine the application of the clause, to residents of the state, would be at least as unreasonable as wholly to exclude them and, looking merely to the words of the clause, far more so."

In determining whether the statute of limitations had run under the second clause of 2 R.S. 297, § 27, the New York courts repeatedly held that successive absences of the defendant from the State should be accumulated, and the aggregate deducted from the entire time which had elapsed since the cause of action accrued. *Burroughs v. Bloomer,* 5 Denio 532 (N.Y.1848); *Cole v. Jessup, supra.* These cases apparently were the impetus for including the language "departs from or remains continuously absent therefrom for the space of one year or more" in the 1877 amendment and the subsequent language "departs

from and remains continuously absent therefrom for the space of one year or more" in the 1888 amendment to avoid the problem of proof of the actual days when a defendant was, or was not, in the State to ascertain whether or not the statute of limitations had run.

The pertinent language of the 1888 New York statute is identical to the current language of Section 28–01–32, N.D.C.C. (see fn. 7). In *Hart v. Kip,* 148 N.Y. 306, 42 N.E. 712 (1896), the New York Court of Appeals held that in order to suspend the statute of limitations there must be both residence outside the State and continuous absence therefrom for one year or more. The court concluded that the statute of limitations ran in favor of a resident defendant who was continuously absent from the State for more than one year but was not a resident outside the state. However, that case did not alter the interpretation that the statute applied to both residents and nonresidents. See *Mack v. Mendels,* 249 N.Y. 356, 164 N.E. 248 (1928); *Connecticut Trust & Safe Deposit Co. v. Wead,* 172 N.Y. 497, 65 N.E. 261 (1902).

■ Because of the similarity between our statute and the New York statute and the derivation of our statute from the New York statute, we believe the interpretation by the New York courts is persuasive in construing our statute. We agree with the statements in *Ford v. G. and G.W. Babcock, supra,* at 526–527, that in order to justify a construction that the statute does not apply to nonresidents we would have to conclude that the Legislature omitted words necessary for such a construction and add to the word "person," the words " 'being at such time an inhabitant of the state,' or others of equivalent import." In this respect, we do not believe the case relied upon by Magrum and A.C. Transport, *Eliseuson v. Frayseth,* 290 Minn. 282, 187 N.W.2d 685 (1971), is persuasive. In that case the Minnesota Supreme Court held that a similarly worded statute [8] did

---

8. M.S.A. § 541.13 provided:
    *"541.13. Effect of absence from state*

"If, when a cause of action accrues against a person, he is out of the state, an action may

not apply to nonresident defendants. We would be required to supply additional language to our statute in order to arrive at the conclusion reached by the Minnesota Supreme Court. That interpretation would be contrary to our rule of construction that the Legislature's intent must be sought from the language of the statute. *Morton County v. Henke*, 308 N.W.2d 372 (N.D. 1981). Furthermore, we believe that interpreting Section 28–01–32, N.D.C.C., to apply to residents and nonresidents gives credence to the plain and ordinary meaning of the actual language used in the statute. Accordingly, we conclude that Section 28–01–32, N.D.C.C., applies to both residents and nonresidents.

Magrum and A.C. Transport also contend that the availability of substituted service of process on a nonresident motorist as provided by Sections 39–01–11 and 39–01–12, N.D.C.C., suspends the provisions of Section 28–01–32, N.D.C.C. Magrum and A.C. Transport cite Annot., 17 A.L.R.2d 502, 516 (1951), for the rule that:

> "Where provision is made by statute for substituted service of process upon a state official in cases arising out of motor accidents within the state, the majority of the courts have held that such a provision has the effect of nullifying any statute suspending the period of limitations."

See also, Annot., 55 A.L.R.3d 1158 (1974).

In *Walsvik v. Brandel*, 298 N.W.2d 375 (N.D.1980), we concluded that the availability of "long-arm" service of process did not supersede the tolling of the statute of limitations during a defendant's absence from the State. We stated:

> "Section 28–01–32, NDCC, cites as its earliest source § 5210, Revised Code of North Dakota, 1895. Although the long-arm service provisions applicable today under Rule 4, NDRCivP, are a considerable expansion thereof, substitute service by publication was authorized by § 5254, Revised Code of North Dakota, 1895,

when "personal service cannot be made on such defendant within this state." From this it is logical to conclude that if there is no reason for the rule today because of Rule 4, NDRCivP, there was no reason for the rule in 1895 because of § 5254, Revised Code of North Dakota, 1895.

\* \* . \* \* \* \*

> "If it is desirable that the tolling statute, § 28–01–32, N.D.C.C., be changed because of the more modern concept of service of process, the Legislative Assembly, not this court, should do it. Repeals of statutes by implication are not favored. To overcome the presumption against an implied repeal, it must be shown that conflict between the two provisions is irreconcilable." *Walsvik v. Brandel, supra*, 298 N.W.2d at 376–377.

Although *Walsvik v. Brandel, supra*, dealt with substituted service of process under Rule 4, N.D.R.Civ.P., and did not deal with substituted service of process on a nonresident motorist pursuant to Sections 39–01–11 and 39–01–12, N.D.C.C., we believe that rationale is applicable to this case. The Legislature has not expressly provided for an exception for tolling the statute of limitations in Section 28–01–32, N.D.C.C., and such an exception is not reflected in Sections 39–01–11 and 39–01–12, N.D.C.C. We note that the 1877 and 1888 New York statutes included exceptions for tolling the statute of limitations (see fn. 7) when a person or corporation had designated an agent for service of process pursuant to §§ 430 or 432(2), Civ.Code N.Y. (1877 and 1888). Our Legislature has provided for an exception for the foreclosure of real estate mortgages by action or otherwise, but has not specifically provided an exception to the tolling statute because of substituted service of process on a nonresident motorist. We believe that if such an exception or a repeal of the tolling statute is appropriate, the Legislature is the appropriate body to address that issue. *Cellura*

---

> be commenced within the times herein limited after his return to the state; and if, after a cause of action accrues, he departs from and

> resides out of the state, the time of his absence is not part of the time limited for the commencement of the action."

*v. Cellura,* 24 A.D.2d 59, 263 N.Y.S.2d 843 (N.Y.App.Div.1965); *Couts v. Rose,* 152 Ohio St. 458, 90 N.E.2d 139 (1950); *Gotheiner v. Lenihan,* 20 N.J.Misc. 119, 25 A.2d 430 (1942); *Bode v. Flynn,* 213 Wis. 509, 252 N.W. 284, 94 A.L.R. 480 (1934). Furthermore, we do not believe an irreconcilable conflict between the provisions for substituted service of process on a nonresident motorist and tolling the statute of limitations has been established.

█ We conclude that the district court erred in granting summary judgment dismissing Loken's cause of action because of the statute of limitations, and, accordingly, we reverse that judgment and remand the case for further appropriate proceedings.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.