# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 104

| | |
|---|---|
| Josann M. Lupo, | Plaintiff and Appellant |
| v. | |
| Brianna M. McNeeley,<br>a/k/a/ Brianna M. McNelly, | Defendant and Appellee |
| and | |
| Trumball Insurance Company,<br>a/k/a The Hartford Insurance Company,<br>John Does 1-10, | Defendants |

No. 20180381

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Mark C. Sherer, Dickinson, ND, for plaintiff and appellant; submitted on brief.

Alyssa L. Lovas, Bismarck, ND, for defendant and appellee; submitted on brief.

**Lupo v. McNeeley**

**No. 20180381**

**McEvers, Justice.**

[¶1]  Josann M. Lupo appeals from a district court judgment dismissing her complaint with prejudice.  The district court granted the defendant's motion for summary judgment, dismissing Lupo's complaint with prejudice holding the claims were barred by the statute of limitations.  We affirm the district court judgment dismissing Lupo's complaint with prejudice, concluding N.D.C.C. § 28-01-32 did not toll the statute of limitations.

I

[¶2]  A car accident involving Lupo and Brianna M. McNeeley occurred in Dickinson, North Dakota on August 17, 2009.  At that time McNeeley had a Minnesota address.  Lupo filed a complaint in the district court on August 14, 2015 along with a summons and a certificate of service, certifying that on August 14, 2015, she sent the complaint and summons to a process server for service on McNeeley at an address in Battle Lake, Minnesota.  The record does not reflect that service of process was effectuated through a process server.  On August 15, 2016, the court filed a notice of intent to dismiss, to which Lupo replied requesting the court allow the case to remain pending on the grounds that "service of process upon the Defendant, by publication, will be perfected on September 6, 2016, the date that the last publication of the Summons is set to run in the Dickinson Press."  In October 2017, the court again filed a notice of intent to dismiss to which Lupo again responded seeking the court allow the case to remain pending.  After a status conference in November 2017, Lupo filed an affidavit of service by publication in January 2018, and an affidavit of publication in February 2018.

[¶3]  In April 2018, following a February 10, 2018 publication of the summons, McNeeley answered, raising the statute of limitations as an affirmative defense and

1

also asserting insufficiency of service of process.  In April 2018, McNeeley moved for summary judgment, arguing Lupo's action was time-barred by the applicable six-year statute of limitations.  Lupo opposed the motion, arguing the action was not time-barred because McNeeley was not a resident of North Dakota at the time of the accident and therefore the limitations period was tolled under N.D.C.C. § 28-01-32.  Lupo submitted the police report from the accident as an exhibit which reflected that, at the time of the accident, McNeeley had a Minnesota address.  The district court granted McNeeley's motion, dismissing Lupo's complaint with prejudice as a matter of law.  The court's order relied on *Atkinson v. McLaughlin*, 462 F.Supp.2d 1038 (D. N.D. 2006) to support its conclusion that McNeeley was subject to the jurisdiction of the North Dakota courts and therefore the statute of limitations was not tolled under N.D.C.C. § 28-01-32.

II

[¶4]   We review district court orders granting summary judgment as follows:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no disputed issues of material fact or inferences to be drawn from the undisputed facts, or if resolving disputed facts would not alter the results.
>
> . . . .
>
>> The party moving for summary judgment has the burden of establishing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  In deciding whether the district court appropriately granted summary judgment, this Court views the evidence in the light most favorable to the party opposing the motion, and the opposing party will be given the benefit of all favorable inferences that can reasonably be drawn from the record.  On appeal, we decide whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.
>
> Whether a district court properly granted summary judgment is
> a question of law this Court reviews de novo on the entire record.

2

*Palmer v. 999 Quebec, Inc.*, 2016 ND 17, ¶ 6, 874 N.W.2d 303 (internal citations and quotations omitted).

III

[¶5]    Under N.D.C.C. § 28-01-16(5), an action for personal injury must be commenced within six years after the claim for relief accrues. Neither party disputes the cause of action accrued at the time of the accident on August 17, 2009. In North Dakota, a "civil action is commenced by the service of a summons." N.D.R.Civ.P. 3. *See also Langowski v. Altendorf*, 2012 ND 34, ¶ 9, 812 N.W.2d 427 (stating a civil action begins "when a plaintiff serves a summons upon a defendant").

[¶6]    Lupo argues the statute of limitations was tolled due to McNeeley's out-of-state residence at the time of and following the accident. She points to N.D.C.C. § 28-01-32, which provides for tolling of the statute of limitations as follows:

> If any person is out of this state at the time a claim for relief accrues against that person, an action on such claim for relief may be commenced in this state at any time within the term limited in this chapter for the bringing of an action on such claim for relief after the return of such person into this state. *If any person departs from and resides out of this state and remains continuously absent therefrom for the space of one year or more after a claim for relief has accrued against that person, the time of that person's absence may not be taken as any part of the time limited for the commencement of an action on such claim for relief.* The provisions of this section, however, do not apply to the foreclosure of real estate mortgages by action or otherwise and *do not apply if this state's courts have jurisdiction over a person during the person's absence.*

(Emphasis added.) The district court considered this statute's application and found the limitations period was not tolled because McNeeley was subject to the jurisdiction of North Dakota courts.

[¶7]    The district court's order acknowledged that this Court has not interpreted N.D.C.C. § 28-01-32 since its most recent amendment in 1989, and based its reasoning on federal case law from the federal district court in *Atkinson*, 462 F.Supp.2d 1038. In *Atkinson*, the federal district court noted that this Court has

3

expressly held "that Section 28-01-32, N.D.C.C., applies to both residents and nonresidents." *Id*. at 1048 (quoting *Loken v. Magrum*, 380 N.W.2d 336, 341 (N.D. 1986)). The federal district court held "[o]n its face, and in the absence of any direction from the North Dakota Supreme Court, Section 28-01-32 clearly provides that a statute of limitations *is not tolled* with the absence of a party from the state if the state courts have jurisdiction over the absent party." *Id*. at 1048. The court in *Atkinson* held that defendants not present in North Dakota were still subject to North Dakota courts' jurisdiction because the plaintiff *could* have completed service via publication:

> It should be noted that the position asserted by Atkinson overlooks his ability to obtain service of process by publication if personal service could not have been made after a diligent attempt was undertaken to locate the McLaughlins. *See* N.D.R.Civ.P. 4(e). The ability to serve process by publication eliminates the need to locate a nonresident who may be difficult or impossible to find. Section 28-01-32 clearly provides that the statute of limitations *is not tolled* when the North Dakota "courts have jurisdiction over a person during the person's absence." Service in this case could have been easily achieved by publication.

*Id*. at 1049-50. In *Atkinson*, the out-of-state defendants were not only out of North Dakota, but were in fact out of the country, traveling in Cambodia following the accrual of the claim. Although we are not bound by the reasoning in *Atkinson*, we agree with it and adopt its analysis of N.D.C.C. § 28-01-32.

[¶8]    While this Court has not before applied N.D.C.C. § 28-01-32, since its amendment in 1989, we have recognized "[t]he amendment apparently refers to the availability of 'long-arm' service of process under Rule 4, N.D.R.Civ.P." *Fuson v. Schaible*, 494 N.W.2d 593, n.10 (N.D. 1992). North Dakota's long-arm provision is located in N.D.R.Civ.P. 4(b)(2), which states, in pertinent part:

> (2) *Personal Jurisdiction Based on Contacts.* A court of this state may exercise personal jurisdiction over a person who acts directly or by an agent as to any claim for relief arising from the person's having such contact with this state that the exercise of personal jurisdiction over the person does not offend against traditional notions of justice or fair play

4

or the due process of law, under one or more of the following circumstances:

. . . .

(D) committing a tort within this state, causing injury to another person or property within or outside this state.

*See also Ensign v. Bank of Baker*, 2004 ND 56, ¶ 10, 676 N.W.2d 786. "Rule 4(b)(2) is designed to permit state courts to exercise personal jurisdiction to the fullest extent permitted by due process." *Ensign*, at ¶ 10. Under N.D.R.Civ.P. 4(e)(1)(A), service by publication is permitted if "the claim for relief is based on one or more grounds for the exercise of personal jurisdiction under paragraph (2) of subdivision (b) of this rule [N.D.R.Civ.P. 4(b)(2)]." Because Lupo's claim against McNeeley arose as a tort under N.D.R.Civ.P. 4(b)(2), service by publication was a permissible means to effectuate service of process and therefore the courts of North Dakota had jurisdiction over McNeeley even in her absence from the state. Other permissible means to effectuate service on out-of-state defendants also exist under N.D.R.Civ.P. 4(d)(3) which provides:

(3) How Service of Process Is Made Outside the State. Service on any person subject to the personal jurisdiction of the courts of this state may be made outside the state:
(A) in the manner as service within this state, with the force and effect as though service had been made within this state;
(B) under the law of the place where service is made for service in that place in an action in any of its courts of general jurisdiction; or
(C) as directed by court order.

Therefore, N.D.C.C. § 28-01-32 did not toll the six-year statute of limitations and Lupo's action was properly dismissed by the district court.

5

[¶9]     We affirm the district court judgment.

[¶10]   Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Gerald W. VandeWalle, C.J.