[No. 20694–0–I.   Division One.   January 30, 1989.]

THE CITY OF SEATTLE, *Respondent,* v. CARLOS M. HOGAN, *Petitioner.*

*Linda Portnoy, Public Defender,* for petitioner.

*Douglas N. Jewett, City Attorney,* and *Stanley Bastian* and *Charlotte E. Clark–Mahoney, Assistants; Douglas B. Whalley, City Prosecutor,* for respondent.

PEKELIS, J.—Carlos M. Hogan appeals from his conviction for attempted vehicle prowling on the basis that the municipal ordinance under which he was charged provides for a maximum punishment greater than that permitted for the same crime under state law. He argues that this violates (1) constitutional guaranties of equal protection and (2) Const. art. 11, § 11, providing that municipal ordinances must not conflict with general laws. We reverse and remand to the Seattle Municipal Court for resentencing.

When a person is arrested for attempted vehicle prowling in the city of Seattle, two dispositions are possible. The charge may be brought in Seattle District Court under the state statutes, RCW 9A.52.100 and RCW 9A.28.020, or in Seattle Municipal Court under the substantively identical city ordinances, SMC 12A.08.120 and 12A.04.120.[1] Hogan was charged under the city ordinances, and was found guilty by the Municipal Court. His sentence was 365 days in jail, 335 suspended, and $5,000 fine, $5,000 suspended. On appeal to King County Superior Court, his conviction and sentence were affirmed. He sought and was granted discretionary review in this court.

Vehicle prowling in the second degree is defined in RCW 9A.52.100 as a gross misdemeanor. An attempt to commit a crime defined as a gross misdemeanor is a misdemeanor.

---

[1]Although the state and local enactments contain some minor differences in wording, the City does not dispute the proposition that the substantive elements of the crimes are identical for the purposes of this appeal.

RCW 9A.28.020(3)(e). The maximum punishment for a misdemeanor under state law is 90 days in jail or a $1,000 fine or both. RCW 9A.20.021(3). Under the City's ordinance scheme, on the other hand, the maximum punishment for all crimes, including attempts, is the equivalent of state law maximums for gross misdemeanors, that is, 1 year in jail and a $5,000 fine or both. *Compare* SMC 12A.02.060–.070 *with* RCW 9A.20.021(2).[2] Thus, a defendant charged in Seattle Municipal Court is subject to a significantly greater penalty than that authorized under state law for the identical offense.

Hogan argues that this violates constitutional guaranties of equal protection, contrary to the fourteenth amendment to the United States Constitution and Const. art. 1, § 12, in that it gives unfettered discretion to the charging authority to seek varying maximum penalties. The City replies that differing penalties alone, absent the discretion to charge crimes of different degrees, create no constitutional infirmities.

In *Olsen v. Delmore*, 48 Wn.2d 545, 550, 295 P.2d 324 (1956), our Supreme Court held that "[a] statute which prescribes different punishments or different degrees of punishment for the same act committed under the same

---

[2] SMC 12A.02.060 reads:

"Offenses shall be crimes or violations.

"Every offense defined by this subtitle or conduct made unlawful thereby shall constitute a crime and a jail sentence may be imposed therefor, except for such offenses or unlawful conduct as shall be specifically designated as violations."

SMC 12A.02.070 reads:

"Punishment of crime.

"A crime may be punished by a fine not to exceed Five Thousand Dollars ($5,000.00), or by imprisonment in the City Jail for a term not to exceed one (1) year or by both such fine and imprisonment."

RCW 9A.20.021 reads in part:

"(2) Gross Misdemeanor. Every person convicted of a gross misdemeanor . . . shall be punished by imprisonment . . . of not more than one year, or by a fine . . . of not more than five thousand dollars, or by both such imprisonment and fine.

"(3) Misdemeanor. Every person convicted of a misdemeanor . . . shall be punished by imprisonment . . . of not more than ninety days, or by a fine . . . of not more than one thousand dollars, or by both such imprisonment and fine."

circumstances by persons in like situations" violates both the equal protection clause of the fourteenth amendment to the United States Constitution and Const. art. 1, § 12.[3] The constitutional flaw in such a statute is that it vests in the charging authorities unbridled discretion to charge an offender with either of two crimes, resulting in different sentences for the same offense. *State v. Mason*, 34 Wn. App. 514, 516, 663 P.2d 137 (1983).

In this case, the elements to be proved under either the Seattle Municipal Code or the parallel state statutes are identical. For this reason, this case is distinguishable from *United States v. Batchelder*, 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979), in which it was held that a conviction under one of two overlapping statutes which authorized different maximum punishments would not violate equal protection. *See Mason*, 34 Wn. App. at 518–19 & n.5 (distinguishing *Batchelder*). While the statutes in *Batchelder* served independent legislative goals and required that different elements be proven, *Batchelder*, 442 U.S. at 118–19 & n.5, the provisions at issue here do not.[4]

The only distinction between the two enactments at issue here is the degree of punishment allowed under each scheme. Thus, this case falls squarely within a line of cases

---

[3]The Fourteenth Amendment states in pertinent part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Const. art. 1, § 12 states:

"No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

[4]Other cases relied on by the City can be similarly distinguished. *See State v. Canady*, 69 Wn.2d 886, 891, 421 P.2d 347 (1966); *State v. Reid*, 66 Wn.2d 243, 401 P.2d 988 (1965); *cf. State v. Sherman*, 98 Wn.2d 53, 61, 653 P.2d 612 (1982) (greater punishment for felony flight than for same elements contained in constituent misdemeanor offenses is not violative of equal protection since it is reasonable to provide greater punishment for cumulative effect of two acts occurring in sequence than for isolated acts).

following *Olsen* and holding that equal protection is denied where two separate but identical criminal statutes set forth varying penalties. *State v. Zornes,* 78 Wn.2d 9, 21–24, 475 P.2d 109 (1970); *State v. Ensminger,* 77 Wn.2d 535, 536, 463 P.2d 612 (1970); *Mason,* 34 Wn. App. at 516. This is true even where both statutes are of the same degree, for example, both misdemeanors. *State v. Martell,* 22 Wn. App. 415, 416–18, 591 P.2d 789 (1979).

The City contends that another line of cases which also cite *Olsen* controls here. These cases hold there is no denial of equal protection where a statute merely permits a range or variation in punishment. We note, however, that where this principle is stated, it is accompanied with the proviso that the charging authorities cannot exercise discretion with regard to the *degree* of the offense charged (*i.e.,* felony or misdemeanor), and that sentencing discretion lies only with the court. *See Jansen v. Morris,* 87 Wn.2d 258, 261, 551 P.2d 743 (1976); *State v. Blanchey,* 75 Wn.2d 926, 939–40, 454 P.2d 841 (1969), *cert. denied,* 396 U.S. 1045, 24 L. Ed. 2d 688, 90 S. Ct. 694 (1970); *State v. Boggs,* 57 Wn.2d 484, 489–90, 358 P.2d 124 (1961); *State v. Edwards,* 17 Wn. App. 355, 361, 563 P.2d 212 (1977), *review denied,* 89 Wn.2d 1015 (1978). To allow a prosecutor to set the range of punishment by choosing the degree of the charge would not be in harmony with our State's policy "goals of treating all men equally in the guilt determination process while retaining some flexibility and individualized treatment at the punishment stage." *Blanchey,* 75 Wn.2d at 940.

Only where objective standards govern the decision will a prosecutor be permitted to exercise any discretion at the charging phase. Thus, the court in *Edwards* held that a prosecutor's discretion to charge a firearm or deadly weapon penalty enhancement is constitutional since it is not unfettered but is governed by justifiable standards such as the severity of the offense, criminal propensities of the accused and the past criminal record of the accused. *See Edwards,* 17 Wn. App. at 361; *accord, State v. Workman,* 90 Wn.2d 443, 455–56, 584 P.2d 382 (1978) (discretion to

seek to restrict parole); *State v. Canady*, 69 Wn.2d 886, 891, 421 P.2d 347 (1966) (discretion to charge use of deadly weapon governed by proof requirements).

We find *Jansen* and its progeny inapposite here. The prosecutor's arbitrary, unfettered decision to charge in one jurisdiction or another has a direct impact on the scope of the judge's sentencing discretion, but no justifiable standards related to the particular defendant or to the circumstances of the alleged crime control the prosecutor's discretion.[5]

■ Thus, we hold that application of the statutory scheme of the Seattle Municipal Code violates equal protection in that it punishes attempted vehicle prowl to a greater extent than our State Legislature has decreed it should be punished. We do not hold that SMC 12A.62.060–.070 is void but rather that it may be enforced only to the extent it is within statutory limitations.[6] We therefore remand for resentencing consistent with state maximum penalties.

WEBSTER and WINSOR, JJ., concur.

---

[5]*Cf. State v. Bartholomew*, 104 Wn.2d 844, 849, 710 P.2d 196 (1985) (equal protection denied where no guidelines control prosecutor's decision to submit death penalty case to jury at special sentencing proceeding on remand).

[6]The City contends this court must also decide whether the ordinance impermissibly conflicts with state law in violation of Const. art. 11, § 11. *See State v. Mason*, 34 Wn. App. 514, 521, 663 P.2d 137 (1983). We see no need to reach the conflict issue since it could neither affect our *conclusion* that equal protection has been violated, nor compel a different result. *See Bellingham v. Schampera*, 57 Wn.2d 106, 118, 356 P.2d 292, 92 A.L.R.2d 192 (1960).

Likewise, we need not address Hogan's further argument that the City's enactment of SMC 3.33.020 providing that it shall impose "no greater punishment . . . than is authorized by state law" is dispositive of the issue here.