The STATE of North Dakota, Plaintiff and Appellee,

v.

Chris TOMAN, Defendant and Appellant.

The STATE of North Dakota, Plaintiff and Appellee,

v.

Neil TOMAN, Defendant and Appellant.

Cr. Nos. 880186, 880187.

Supreme Court of North Dakota.

Feb. 10, 1989.

Patricia L. Burke (argued), State's Atty., Bismarck, for plaintiff and appellee.

Michael P. Farris (argued), Home School Legal Defense Ass'n, Great Falls, and Richardson, Isakson & Lange, Hazen, for defendants and appellants. Appearance by Gregory L. Lange.

LEVINE, Justice.

Chris and Neil Toman appeal from their judgments of conviction for violating the compulsory school attendance law under Section 15–34.1–01, N.D.C.C. We affirm.

The Tomans were charged with violating the law by failing to send their children, Neil and Nathan, to school during the period from September 1987 through December 10, 1987. Following a bench trial the county court found them guilty as charged and subsequently deferred imposition of sentence. The Tomans have raised two issues on appeal from the judgments of conviction.

■ Under circumstances specified within Section 15–34.1–03, N.D.C.C., parents may request the school board to grant an exemption from sending their children to school. The Tomans, who concede that they did not have an exemption, assert on appeal that the exemption provision violates the Due Process Clause, because it allows public school officials to decide whether or not to grant the request for an exemption.

We conclude that it is unnecessary to resolve this issue on its merits, because resolution of the issue cannot constitute grounds for reversing the Tomans' convictions in this case. The Tomans did not seek to obtain an exemption until December 11, 1987, subsequent to the time period of the alleged violations. Having failed to request an exemption for the time in which the statutory violation occurred, the Tomans cannot now raise objections to the exemption statute as a defense to their convictions.

■ The second issue raised by the Tomans on appeal is that the compulsory attendance law is unconstitutional because the teacher certification requirement for religious schools is not the least restrictive alternative to achieving the State's interest in providing adequate education for children. This issue has been resolved by this court in prior decisions contrary to the Tomans' position. *State v. Anderson*, 427 N.W.2d 316 (N.D.) *cert. denied*, —— U.S. ——, 109 S.Ct. 491, 102 L.Ed.2d 528 (1988); *State v. Patzer*, 382 N.W.2d 631 (N.D.) *cert. denied*, 479 U.S. 825, 107 S.Ct. 99, 93 L.Ed.2d 50 (1986). We decline the Tomans' invitation to overturn those decisions.

In accordance with this opinion the judgments of conviction are affirmed.

ERICKSTAD, C.J., and VANDE WALLE and GIERKE, JJ., concur.

MESCHKE, Justice, dissenting.

I respectfully dissent for the reasons stated in my dissenting opinion in *State v. Anderson*, 427 N.W.2d 316, 325 (N.D.1988).