**CITY OF FARGO, Plaintiff and Appellant,**

v.

**LITTLE BROWN JUG, Defendant and Appellee.**

**Cr. No. 900384.**

Supreme Court of North Dakota.

April 18, 1991.

Wayne O. Solberg (argued), City Atty., Fargo, for plaintiff and appellant.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellee; argued by Bruce D. Quick.

ERICKSTAD, Chief Justice.

The City of Fargo (Fargo) appeals from the decision of the Cass County Court, dated September 27, 1990, which dismissed criminal charges against Little Brown Jug (LBJ). Fargo asserts the county court erred in its determination that Fargo's city ordinance governing the sale of alcohol to minors was invalid because it superseded state law. We reverse and remand.

During the fall of 1989 and winter of 1990, the Fargo City Police Department conducted a "sting" operation intending to uncover unlawful sales of alcoholic beverages to minors by off-sale liquor establishments. LBJ was one of the targeted establishments. The "sting" operation was apparently successful, and LBJ was·subsequently charged in municipal court with the offense of selling alcoholic beverages to persons under twenty-one years of age, in violation of section 25-1509(A) of the Fargo Municipal Code.

On April 18, 1990, the case was transferred to Cass County Court upon the request of LBJ. A jury trial was scheduled for September 10, 1990. On September 7, 1990, LBJ filed a motion to dismiss asserting that Fargo's city ordinance was invalid because it violated section 12.1-01-05 of the North Dakota Century Code, which provides that crimes defined by state law shall not be superseded by a city ordinance. The county court cancelled the scheduled jury trial and replaced it with a hearing on the motion to dismiss.

At the conclusion of the hearing, the county court issued its ruling from the bench. The court determined that Fargo's ordinance section 25-1509(A) violated section 12.1-01-05, N.D.C.C., by superseding section 5-02-06, N.D.C.C. The court based its decision on the fact that Fargo's city ordinance imposes the penalty of a class B misdemeanor while the applicable state law imposes the penalty of a class A misdemeanor which contains a greater penalty.[1]

---

1. The county court seems to have relied upon our decision in *City of Fargo v. Glaser,* 62 N.D.

673, 244 N.W. 905 (1932). Our review of *Glaser* indicates that the decision in that case was

Both parties agree that the offense defined in section 25–1509(A) of the Fargo Municipal Code is consistent with or identical to the offense defined under state law in section 5–02–06, N.D.C.C. Both parties also agree that the principles of double jeopardy would prevent an individual from being tried and convicted under both the city ordinance and the state statute on the basis that the two state the same offense. Our only question on appeal is whether or not a city may enact an ordinance which defines an offense in language similar to state law, but provides for a lesser penalty than the state law.[2]

Fargo has charged LBJ with violating section 25–1509(A) of the Fargo Municipal Code which reads:

"25–1509. *Restrictions on sale, service or dispensing of alcoholic beverages.*—

A. No licensee, his agent or employee, shall sell, serve or dispense any alcoholic beverage to a person under twenty-one years of age; and no licensee, his agent or employee, shall permit any person under twenty-one years of age to be furnished with any alcoholic beverage upon the licensed premises."

A violation of section 25–1509(A), of the Fargo Municipal Code, results in a class B misdemeanor which carries the penalty of a fine not to exceed $500, or imprisonment not to exceed 30 days, or both such fine and imprisonment.

The state regulates the same offense under section 5–02–06, N.D.C.C., the pertinent part of which reads:

"*5–02–06. Prohibitions as to persons under twenty-one years of age—Penalty—Exceptions.* Except as permitted in this section, any licensee who dispenses alcoholic beverages to a person under twenty-one years of age, or who permits such a person to remain on the licensed premises while alcoholic beverages are being sold or displayed, is guilty of a class A misdemeanor."

A violation of section 5–02–06, N.D.C.C., results in a class A misdemeanor which carries the penalty of a maximum fine of $1,000, or imprisonment for up to one year, or both such fine and imprisonment.

Our question is whether or not section 25–1509(A) of the Fargo Municipal Code violates section 12.1–01–05, N.D.C.C., which reads:

"*12.1–01–05. Crimes defined by state law shall not be superseded by city or county ordinance or by home rule city's or county's charter or ordinance.* No offense defined in this title or elsewhere by law shall be superseded by any city or county ordinance, or city or county home rule charter, or by an ordinance adopted pursuant to such a charter, and all such offense definitions shall have full force and effect within the territorial limits and other jurisdiction of home rule cities or counties. This section shall not preclude any city or county from enacting any ordinance containing penal lan-

---

based upon the determination that the city had not been granted the authority to regulate the offenses for which the defendant was being prosecuted. In the case at hand, the city has been granted the authority to regulate the use and sale of alcoholic beverages. *See* § 40–05–01(29), N.D.C.C. Therefore, we believe the court's reliance on *Glaser* was misplaced.

**2.** It should be noted that there may be potential constitutional questions concerning violation of the Equal Protection Clauses of our state and federal constitutions. One court has said: "The constitutional flaw in such a statute is that it vests in the charging authorities unbridled discretion to charge an offender with either of two crimes, resulting in different sentences for the same offense." *City of Seattle v. Hogan,* 53 Wash.App. 387, 390, 766 P.2d 1134, 1136 (1989) (citing *State v. Mason,* 34 Wash.App. 514, 516,

663 P.2d 137 (1983). In *Hogan,* the defendant had been charged with a city ordinance identical to state law except that the city ordinance resulted in a higher penalty. While the Washington Court of Appeals determined that this resulted in violation of equal protection principles, it also determined that the appropriate remedy was to reduce the sentence to the lower state penalty. We decline to decide the Equal Protection Clause issues at this time. We do not believe those issues have been adequately raised and, even if we were to conclude that such a violation existed, LBJ would likely not benefit from such a holding because LBJ would not be immunized from prosecution. As LBJ is currently being charged with the offense which has the lesser of the two penalties, it has not been harmed.

guage when otherwise authorized to do so by law."

This is not the first time we have had to determine whether or not a city ordinance supersedes a state statute in violation of section 12.1–01–05. *City of Bismarck v. Schoppert,* 450 N.W.2d 757 (N.D.1990); *City of Dickinson v. Gresz,* 450 N.W.2d 216 (N.D.1989); *City of Bismarck v. Nassif,* 449 N.W.2d 789 (N.D.1989); *City of Grand Forks v. Cameron,* 435 N.W.2d 700 (N.D.1989); *City of Dickinson v. Mueller,* 261 N.W.2d 787 (N.D.1977); *See City of Bismarck v. Hoopman,* 421 N.W.2d 466 (N.D.1988); *City of Valley City v. Berg,* 394 N.W.2d 690 (N.D.1986). Our decisions in *Schoppert, Gresz, Nassif, Cameron,* and *Mueller* focused upon alleged differences between the definition of the offense provided by the city ordinance and the definition of the offense provided by state law. This is our first opportunity to consider whether or not an identically defined offense with a differing penalty violates section 12.1–01–05, N.D.C.C.

■ The powers of a municipality are governed by Chapter 40–05, N.D.C.C. Section 40–05–01(29), N.D.C.C., which grants municipalities the power to regulate the use and licensure of alcoholic beverages, reads:

"*40–05–01. Powers of all municipalities.* The governing body of a municipality shall have the power:

\*     \*     \*     \*     \*     \*

29. Alcoholic beverages. To regulate the use and to regulate and license the sale of alcoholic beverages subject to the provisions contained in title 5."

We have upheld a city's regulation of the sale of alcohol to minors similar to section 25–1509(A) of the Fargo Municipal Code. *See Mueller,* 261 N.W.2d at 789. We recognize that the issue here was not an issue in *Mueller* or the other cases previously cited herein. The question in this case is whether or not Fargo may enact an ordinance which provides for a penalty less than a similar state law. The answer is that its ordinance must provide for a lesser penalty because the city is limited to a

lesser penalty for all offenses than what the state law on this subject provides.

The regulation of the use and sale of alcohol by a municipality is limited to imposing a penalty equal to a class B misdemeanor. See section 40–05–06, N.D.C.C., which reads:

"*40–05–06. City fines and penalties limited.*

1. Except as provided in subsections 2 and 3, the fine or penalty for the violation of any ordinance, resolution, or regulation of a city may not exceed five hundred dollars, and the imprisonment may not exceed thirty days for one offense."

We have said:

"Statutes relating to the same subject matter shall be construed together and should be harmonized, if possible, to give meaningful effect to each, without rendering one or the other useless."

*Westman v. N.D. Workers Comp. Bureau,* 459 N.W.2d 540, 541 (N.D.1990). *See also, Miles Homes v. City of Westhope,* 458 N.W.2d 321, 324 (N.D.1990); *Hospital Services, Inc. v. Brackey,* 283 N.W.2d 174, 177 (N.D.1979). We have also recognized that implicit repeals are not favored. *E.g. State By Workmen's Comp. Bureau v. Clary,* 389 N.W.2d 347, 349 (N.D.1986). In order to overcome the presumption against implicit repeals, it must be shown that the conflict between the two statutes cannot be reconciled. *Id.*

■ The legislature has expressly granted to a municipality the power to regulate the use and sale of alcoholic beverages. *See* § 40–05–01(29), N.D.C.C. The legislature has also limited the penalty which may be imposed by a municipality. *See* § 40–05–06(1), N.D.C.C. In order to harmonize the statutes granting and limiting the power of a municipality with section 12.1–01–05, N.D.C.C., and to avoid an implicit repeal of that power to regulate the use and sale of alcoholic beverages, we conclude that the prohibition in section 12.-1–01–05, N.D.C.C., against a municipal ordinance superseding state law, does not prevent a municipality from enacting an ordinance with a penalty which differs

from the penalty which could be imposed under similar state law when, as here, the city has enacted an ordinance authorizing imposition of up to the maximum penalty the city may impose under state law, and the enactment is in an area of law in which the city is authorized to engage in regulation through the enactment of an ordinance.

Although we conclude that the penalty of a municipal ordinance may differ from the penalty imposed by the state law, our decision in this case is limited to those situations in which the municipality authorizes imposition of up to the maximum allowable municipal penalty which is lesser than the state law penalty for an equivalent statute.

For the reasons stated in the opinion, we reverse and remand for a trial on the merits.

GIERKE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Judge *, concur.

VANDE WALLE, Justice.

I agree with much of what is said in the majority opinion concerning harmonizing statutes,[1] but because I believe the constitutional issue referred to in footnote 2 of that opinion is so significant, I must respectfully dissent.

Little Brown Jug has no standing to raise the constitutional issue of equal protection. Nevertheless, it is our obligation to construe statutes to avoid a constitutional confrontation. *E.g., Grace Lutheran Church v. N.D. Employment,* 294 N.W.2d 767 (N.D.1980). It appears to me that the majority opinion would lead to a conclusion that section 5-02-06, NDCC, is unconstitutional when a licensee in a city is charged in State court with dispensing alcoholic beverages to a person under the age of

twenty-one years, at least to the extent that the penalty for such violation exceeds $500 and thirty days in jail. That would be an example of the tail wagging the dog and surely could not have been the intent of the Legislature.[2]

Section 5-02-06 is a specific statute dealing with a specific crime, the sale of alcoholic beverages to persons under the age of twenty-one, and it must take precedence over the more general authority of the city to regulate the sale of alcoholic beverages contained in section 40-05-01(29), NDCC, or over section 40-05-06 limiting to a fine of $500 and thirty days in jail the authority of a city to establish a penalty for violation of its ordinances. Therefore I believe we should conclude that the authority of a city to prosecute a licensee for the violation of the ordinance has been impliedly repealed by section 12.1-01-05, NDCC, a position I recognize finds little favor in the court, *e.g., State by Workmen's Comp. Bureau v. Clary,* 389 N.W.2d 347 (N.D.1986). However, where the conflict between two statutes is irreconcilable implied repeals are recognized. *Id.* The fundamental test is the intent of the Legislature. *Herman v. Magnuson,* 277 N.W.2d 445 (N.D.1979). Here it appears to me the specific legislative intent is that the act of selling alcoholic beverages to a person under the age of twenty-one be punished as a class A misdemeanor which results in a maximum fine of $1,000 and imprisonment of one year. That purpose is superior to the indeterminate authority granted to a city to regulate the sale of alcoholic beverages within the city. The construction reached by the majority opinion has the potential to turn that purpose on its head.

In the alternative, we should conclude that for the purpose of enforcing a city ordinance akin to section 5-02-06, there is

* Vernon R. Pederson, Surrogate Judge, sitting in place of Levine, Justice, disqualified.

1. We are called upon to resolve what apparently is a legislative oversight and thus must attempt, within certain judicially prescribed maxims, to divine what the Legislature would do if it were aware of the conflict.

2. In *City of Seattle v. Hogan,* 53 Wash.App. 387, 766 P.2d 1134 (1989), it was the City penalty

which exceeded that prescribed for a violation of the State law. The Washington court ordered the penalty for violation of the city ordinance reduced. Here the effect of the majority opinion could be to reduce the State penalty in an instance in which a city licensee raises an equal protection argument when prosecuted in State court.

an implied amendment of section 40–05–06, NDCC, and in the event of a sale of alcoholic beverages to a person under the age of twenty-one the city must prescribe a maximum penalty of $1,000 and one year imprisonment. Either of those two constructions avoids the equal protection issue inherent in the majority opinion.