# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1483

_____

Matthew W. Barnett

*Plaintiff - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Correction; Dexter Payne, Assistant Director, Arkansas Department of Correction; Peggy S. Durham, Grievance Coordinator, Arkansas Department of Correction; R. Ramsey, Classification Member, Grimes Unit, ADC

*Defendants - Appellees*

Grimes Correctional Unit

*Defendant*

Pearce, Classification Member, Grimes Unit, ADC; Arkansas Department of Correction

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: October 5, 2017
Filed: October 11, 2017
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Matthew Barnett, currently incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC), appeals following the district court's[1] adverse grant of judgment on the pleadings. Barnett brought this pro se action against the ADC and various ADC employees, asserting violations of the Due Process Clause, Equal Protection Clause, Title II of the Americans with Disabilities Act (ADA), and section 504 of the Rehabilitation Act of 1973 (RA). He alleged that from January 2015 until November 2016 he was denied consideration for the ADC's work-release program because he suffers from grand-mal seizures and that defendants' justification—that his transfer eligibility (TE) date had passed and he was scheduled to appear before the parole board in October 2016—was a pretext for disability discrimination. On appeal, Barnett argues that the district court erred in granting judgment prior to discovery, in dismissing each of his claims, and in denying his postjudgment motion to join additional parties.

For the following reasons, we affirm. *See Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017) (standard of review). First, ruling on the motion was not premature. *See* Fed. R. Civ. P. 12(c) (party may move for judgment on pleadings after pleadings are closed). Second, we agree with the district court that Barnett's due-process claim failed because he lacks a protected liberty interest in being considered for work release. *See Mahfouz v. Lockhart*, 826 F.2d 791, 793-94 (8th Cir. 1987) (per curiam).

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

His equal-protection claim likewise failed because he did not identify differential treatment of similarly situated individuals. *See Mills v. City of Grand Forks*, 614 F.3d 495, 500 (8th Cir. 2010) (explaining that, to state an equal-protection claim, plaintiffs must demonstrate that defendants treated them differently from similarly situated individuals).

As to the ADA and RA claims, after careful review of the pleadings, we hold that Barnett did not plead sufficient facts to support a plausible inference that he was denied consideration for work release because of his disability, rather than because he was about to appear for a parole hearing. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 682 (2009) (complaint must contain sufficient factual matter to state claim that is plausible on its face; as between an "obvious alternative explanation" and the purposeful, invidious discrimination Iqbal asked Court to infer, discrimination was not a plausible conclusion); *De Boise v. Taser Int'l, Inc.*, 760 F.3d 892, 899 (8th Cir. 2014) (Title II plaintiff must demonstrate that he is a qualified individual with a disability who was denied participation in or the benefits of services, programs, or activities of a public entity because of his disability). Finally, we conclude that the court did not abuse its discretion in denying Barnett's joinder motion. *See Int'l Bhd. of Teamsters v. Commercial Warehouse Co.*, 84 F.3d 299, 302 (8th Cir. 1996) (standard of review).

Accordingly, we affirm the judgment. *See* 8th Cir. R. 47B.

_____